UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PATRICK MERRITT, | Case No. 2:20-CV-902 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| DOES 1-5, | |
| Defendant(s). | |

Presently before the court is the matter of *Patrick Merritt v. Does 1-5*, case number 2:20-cv-00902-JCM-DJA. This court *sua sponte* dismisses the fictitious defendants proffered by plaintiff.

Plaintiff has brought this case against *only* fictitious defendants, Does 1 through 5, inclusive. This court and circuit have expressly disapproved of this practice. *See Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969) ("There is no provision in the federal statutes or Federal Rules of Civil Procedure either authorizing or expressly prohibiting the use of fictitious parties." ); *Tolefree v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) ("[This case] was also properly dismissed as to the fictitious defendants. . . . If plaintiff later ascertains the names of additional persons he wishes to join as defendants, the Federal Rules of Civil Procedure provide a way of doing so."); *Sigurdson v. Del Guercio*, 241 F.2d 480, 482 (9th Cir. 1956) ("It is inviting disaster to . . . allow fictitious persons to remain defendants if the complaint is still of record. Appropriate action has been taken by the trial court on its own motion in some such cases."); *see also Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001) ("'[G]enerally, 'Doe' pleading is improper in federal court. . . . If there are unknown persons or entities, whose role is

**James C. Mahan**
**U.S. District Judge**

known, that fact should be expressed in the complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings.").

District courts are empowered to act on its own discretion to dismiss fictitious defendants. *Id.*; *see also McConnell v. Marine Engineers Beneficial Ass'n Ben. Plans, Dist. 1--Pac. Coast Dist.*, 526 F. Supp. 770, 774 (N.D. Cal. 1981) ("The practice of suing fictitious defendants has been disapproved in this circuit and a district court may act on its own motion in dismissing these unnamed defendants."). Especially where plaintiff has not offered any defendants other than its five fictitious defendants, judicial economy is served by this dismissal; possible procedural uncertainty is evaded. The underlying facts of this matter—where plaintiff does not know the identities of the individuals who allegedly represented themselves as Credit One Bank, N.A., (ECF No. 1)—and the pending attempt at intervention by Credit One Bank, N.A., (ECF No. 4), do not change this court's decision. In light of the lack of remaining defendants in this matter, plaintiff's claims are dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's claims be, and the same hereby are, DISMISSED without prejudice.

The clerk is ordered to close the case accordingly.

DATED July 13, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -